# EXHIBIT A

FILED: ERIE COUNTY CLERK 01/25/2022 01:52 PM            INDEX NO. 800979/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/25/2022

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
-------------------------------------------------------
LINDA BALDI-PERRY
29 Tillinghast Place
Buffalo, New York 14216,

            Plaintiff,

  vs.

EMERSON ELECTRIC COMPANY
8000 West Florissant Avenue
St. Louis, Missouri 63136, and

INSINKERATOR
4700 Twenty-First Street
Racine, Wisconsin 53406,

           Defendants.
-------------------------------------------------------

**SUMMONS**

Index No.: _____

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and required to serve upon the plaintiff's attorneys, at their address stated below, an answer to the attached complaint.

    If this summons was personally delivered to you in the State of New York, the answer must be served within twenty (20) days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the summons is complete as provided by law.

    If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment will be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

FILED: ERIE COUNTY CLERK 01/25/2022 01:52 PM                INDEX NO. 800979/2022
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 01/25/2022

The plaintiff designates Erie County as the place of trial; the basis of the venue is the residence of the plaintiff, which is noted on the face of this summons.

This summons was filed on the date shown above with the Clerk of the Court in which this action is brought and assigned the above Index Number.

GIVE THESE PAPERS TO YOUR
INSURANCE COMPANY IMMEDIATELY.
THE FAILURE TO DO SO MAY RESULT IN THE
LOSS OF YOUR INSURANCE COVERAGE.

DATED:   Buffalo, New York
         January 25, 2022

_____
Joseph D. Morath, Jr., Esq.
CONNORS LLP
Attorneys for the Plaintiff
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533

FILED: ERIE COUNTY CLERK 01/25/2022 01:52 PM                    INDEX NO. 800979/2022
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 01/25/2022

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
--------------------------------------------------------
LINDA BALDI-PERRY,

              Plaintiff,                    **COMPLAINT**

    vs.                                         Index No.: _____

EMERSON ELECTRIC COMPANY, and
INSINKERATOR,

              Defendants.
--------------------------------------------------------

        The plaintiff, LINDA BALDI-PERRY, by her attorneys, CONNORS LLP, for her complaint, alleges that:

        1.     At all times herein, the plaintiff, LINDA BALDI-PERRY, was and is a resident of the City of Buffalo, County of Erie, and State of New York.

        2.     Upon information and belief, at all times herein, the defendant, EMERSON ELECTRIC COMPANY, was and is a foreign corporation, incorporated under the laws of the State of Missouri, and doing business in the State of New York.

        3.     Upon information and belief, at all times herein, the defendant, INSINKERATOR, was and is a subsidiary company of the defendant, EMERSON ELECTRIC COMPANY.

        4.     Upon information and belief, the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, were and are in the business of selling new garbage disposal units.

5. Upon information and belief, prior to December 28, 2020, the plaintiff, LINDA BALDI-PERRY, purchased a Pro 750 Evolution Series garbage disposal unit that was designed, manufactured, marketed and/or sold by the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR (hereinafter "the garbage disposal unit").

6. At all times hereinafter mentioned the plaintiff, LINDA BALDI-PERRY, was the sole owner and operator of the garbage disposal unit.

## DESCRIPTION OF THE INCIDENT

7. On or around December 28, 2020, the plaintiff, LINDA BALDI-PERRY, was attempting to clear a jam in the garbage disposal unit, serial number 19083029047, model PRO 750-2.

8. Upon information and belief, at all times herein mentioned, the plaintiff, LINDA BALDI-PERRY, was attempting to clear the jam in a manner intended and foreseen by the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR.

9. While attempting to clear the jam, the subject garbage disposal activated despite having been unplugged and presumed to be in the "off" position, causing the plaintiff, LINDA BALDI-PERRY severe and permanent injuries, including, but not limited to, a fracture of her right thumb, pain and inflammation to the tendons in the right wrist, and the need to undergo surgical intervention to repair the damaged tendons in her right wrist.

10. Upon information and belief, the incident was caused solely by the carelessness, recklessness, and negligence of the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, without any negligence on the part of the plaintiff, LINDA BALDI-PERRY.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Negligence)

11. The plaintiff repeats and realleges each and every allegation in the forgoing paragraphs with the same force and effect as if fully set forth herein.

12. Upon information and belief, the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, were in the business of designing, marketing, testing, inspecting, selling and distributing garbage disposal units for sale to the general public.

13. Upon information and belief, the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, designed, manufactured, tested, inspected, sold and distributed the subject garbage disposal.

14. The defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, had a duty to reasonably foreseeable users of its products to design, manufacture, test, inspect, sell, and distribute a reasonably safe, functional and operational product.

15. The defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, failed to design, manufacture, test, inspect, sell, distribute, or otherwise provide a reasonably safe, functional and operational product to reasonably foreseeable users.

16. Upon information and belief, the subject garbage disposal was negligently and carelessly designed, manufactured, tested, inspected, sold and distributed by the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR.

17. The negligence of the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, was a proximate cause of the injuries to the plaintiff, LINDA BALDI-PERRY.

18. Upon information and belief, the incident was caused solely by the carelessness, recklessness, and negligence of the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, without any negligence on the part of the plaintiff, LINDA BALDI-PERRY.

19. This action falls within one or more of the exceptions set forth in CPLR Section 1602.

20. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
(Strict Liability)

21. Upon information and belief, the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, placed the subject garbage disposal into the stream of commerce.

22. The subject garbage disposal placed into the stream of commerce included defects in design and and/or manufacture.

23. At the time of the manufacture, sale and use, the subject garbage disposal was in a defective condition and unreasonably dangerous.

24. By exercise of reasonable care, the plaintiff, LINDA BALDI-PERRY could not have discovered the defects.

25. The defects in the subject garbage disposal proximately caused the injuries to the plaintiff, LINDA BALDI-PERRY.

26. The defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, are strictly liable for said injuries and damages to the plaintiff.

27. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
(Failure to Warn)

28. The plaintiff repeats and realleges each and every allegation in the forgoing paragraphs with the same force and effect as if fully set forth herein.

29. By exercise of reasonable care, the plaintiff, LINDA BALDI-PERRY, could not have discovered the defects in the subject garbage disposal.

30. The defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, failed to provide adequate, clear, precise, and complete instructions and warnings for the subject garbage disposal.

31. In failing to provide proper instructions and warnings for the garbage disposal unit, the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, ignored the characteristics of foreseeable users, as well as

circumstances under which the garbage disposal unit would have been anticipated or expected to be used.

32. Upon information and belief, the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, had notice that the garbage disposal unit was dangerous and defective yet failed to take steps to prevent the plaintiff, LINDA BALDI-PERRY's, injuries.

33. The failure to warn and properly instruct was a proximate cause of the plaintiff, LINDA BALDI-PERRY's, injuries.

34. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

### FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
(Breach of Warranty)

35. The plaintiff repeats and realleges each and every allegation in the forgoing paragraphs with the same force and effect as if fully set forth herein.

36. Upon information and belief, the agents, servants, officers, and/or employees of defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, warranted and represented to the plaintiff and any and all consumers of the subject garbage disposal unit, both expressly and impliedly, that their products were of merchantable and of fair, average quality, and fit for their intended use.

37. The plaintiff, LINDA BALDI-PERRY, relied on the warranty of the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, when she purchased the garbage disposal unit.

38. The garbage disposal unit that the plaintiff, LINDA BALDI-PERRY, purchased from the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, was not merchantable, safe, or fit for its intended purposes because it was unreasonably dangerous.

39. The defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, breached its express and implied warranties that the garbage disposal unit was reasonably safe, merchantable, and fit for its intended purpose.

40. As a result of the breach of express and implied warranties by the defendants, EMERSON ELECTRIC COMPANY and INSINKERATOR, the plaintiff, LINDA BALDI-PERRY, suffered injuries.

41. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

**WHEREFORE**, the plaintiff, LINDA BALDI-PERRY, demands judgment against the defendants, jointly and/or severally, in each cause of action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and in an amount to be proven and determined at the trial of this action, together with the costs and disbursements of this action and such other and further relief as the court may deem just and proper.

FILED: ERIE COUNTY CLERK 01/25/2022 01:52 PM
NYSCEF DOC. NO. 1

INDEX NO. 800979/2022
RECEIVED NYSCEF: 01/25/2022

DATED: Buffalo, New York
January 25, 2022

_____
Joseph D. Morath, Jr., Esq.
CONNORS LLP
Attorneys for the Plaintiff
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533