UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

LINDA BALDI-PERRY.,

    Plaintiff,

v.

EMERSON ELECTRIC COMPANY
and INSINKERATOR,

    Defendants.

───────────────────────────────

EMERSON ELECTRIC COMPANY
and INSINKERATOR,

    Defendants/Third-Party
    Plaintiffs,

v.

TECMARK CORPORATION,

    Third-Party Defendant.

───────────────────────────────

22-CV-400 (JLS) (JJM)

## DECISION AND ORDER

    Plaintiff Linda Baldi-Perry commenced this action in New York Supreme Court, County of Erie, on January 25, 2022, alleging negligence, strict liability, failure-to-warn, and breach of warranty claims against Defendants Emerson Electric Company and InSinkErator ("Defendants") in connection with hand and wrist injuries she suffered while clearing a jam in her garbage disposal. Dkt. 1-1.

The case was removed on May 26, 2022. Dkt. 1.[1] Defendants later filed a third-party complaint alleging breach of contract and other claims against TecMark Corporation. Dkt. 25.

As relevant here, Defendants moved for summary judgment against Baldi-Perry as well as against Tecmark. Dkts. 53, 54, 55. Tecmark also moved for summary judgment, seeking to dismiss the third-party complaint against it. Dkts. 50, 51, 56. The parties filed responses (Dkts. 61, 62, 64, 65, 66, 70, 72, 74, 75), and Judge McCarthy heard oral argument. Dkt. 76.

Judge McCarthy issued a Report and Recommendation[2] ("R&R") (Dkt. 79) recommending the following: Defendants' motion for summary judgment (Dkt. 53) should be granted insofar as it seeks (1) dismissal of Baldi-Perry's design defect claim and (2) indemnification by Tecmark for defense costs associated with such claim; and the motion otherwise denied. Dkt. 79 at 23-24. Judge McCarthy further recommended that Tecmark's motion for summary judgment (Dkt. 50) should be denied. *Id.* at 24.

---

[1] The case was referred to Magistrate Judge Jeremiah J. McCarthy for all pretrial matters, pursuant to 28 U.S.C. §§ 636(b)(1)(A)–(C). *See* Dkt. 5.

[2] As stated in Judge McCarthy's Report and Recommendation, Baldi-Perry's remaining claims at this juncture are defective/negligent design as to the switch and failure to warn.

2

Defendants filed timely objections to the R&R. Dkt. 82. Baldi-Perry and Tecmark responded to the objections (Dkts. 84, 85), and Defendants replied. Dkt. 86.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed Judge McCarthy's R&R, the parties' objections and related submissions, and the relevant record. Based on that review, the Court accepts and adopts the R&R.

For the reasons stated above and in the R&R, the Court resolves the pending summary judgment motions as follows:

1) Defendants' motion for summary judgment (Dkt. 53) is GRANTED as to Baldi-Perry's design defect claim, and that claim is DISMISSED;

2) Defendants' motion for summary judgment (Dkt. 53) is GRANTED to the extent it seeks indemnification by Tecmark for defense costs associated with the design defect claim;

3) Defendants' motion for summary judgment (Dkt. 53) is otherwise DENIED; and

4) Tecmark's motion for summary judgment (Dkt. 50) is DENIED.

In connection with #2, and consistent with Judge McCarthy's recommendation, the parties shall confer to determine a fair allocation of defense costs so far incurred.

The parties shall file a status report **no later than July 15, 2025** to provide an update to the Court about all open issues.

SO ORDERED.

Dated:   June 30, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE